IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**DESMOND D. WALTON**                                                             **PLAINTIFF**

**V.**                                              **CIVIL ACTION NO. 2:09cv117-KS-MTP**

**JACQUELYN BANKS**                                                 **DEFENDANT**

## ORDER

THIS MATTER is before the court on the Petitioner's Motion for an Evidentiary Hearing [22]. The court having considered the submissions of the parties and the applicable law, finds that the motion should be DENIED.

In his Motion [22], Petitioner requests the court to conduct an evidentiary hearing. He claims that an evidentiary hearing is necessary based on a "constitution error of an (sic) video-tape without Miranda warnings." He also claims he is entitled to an evidentiary hearing to determine the state court evidence presented to establish the factual basis of the constitutional violation committed by the trial court.

Rule 8(a) provides that "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a), Rules Governing Section 2254 Cases. Requests for an evidentiary hearing are evaluated under the provisions of 28 U.S.C. § 2254(e)(2). *Murphy v. Johnson,* 205 F.3d 809, 815 (5th Cir. 2000). That section delineates the narrow circumstances under which an evidentiary hearing may be held in federal court:

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that–

>    (A)  the claim relies on–
>       (i)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>       (ii)  a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
>    (B)  the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for the constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  The standard imposed by this section "is recognized as a dramatic restriction on the ability of district courts to hold an evidentiary hearing."  *Guidry v. Dretke,* 397 F.3d 306, 322-23 (5th Cir. 2005) (internal quotations and alterations omitted).  However, the hearing bar does not apply "if a petitioner develops a factual basis for a claim in state court (or sufficiently attempts to do so)."  *Guidry,* 397 F.3d at 323.

Even if the requisite factual development did occur, Petitioner is not automatically entitled to the requested hearing: "[O]vercoming the narrow restrictions of § 2254(e)(2) does not guarantee a petitioner an evidentiary hearing, it merely opens the door for one; once a petitioner overcomes the obstacles of § 2254(e)(2), under Rule 8 of the Rules Governing § 2254 Cases, the district court retains discretion over the decision to grant an evidentiary hearing."  *Murphy,* 205 F.3d at 815; *see also Riddle v. Cockrell,* 288 F.3d 713, 720 (5th Cir 2002) ("[E]ven after an individual meets the standard set forth in § 2254(e), a district court's denial of an evidentiary hearing is reviewed for an abuse of discretion.").  Petitioner is "entitled to an evidentiary hearing only where a factual dispute, if resolved in his favor, would entitle him to relief, and not where [the] allegations are merely conclusory allegations unsupported by specifics."  *Murphy,* 205 F.3d at 816; *see also Shields v. Dretke,* 122 F. App'x 133, 156 (5th Cir. 2005).

In this case, Petitioner points to no particulars that would place his claim outside Section 2254(e)(2)'s restrictions. For these reasons, the court cannot conclude that Petitioner has sufficiently "opened the door" to warrant an evidentiary hearing at this time on the factual issues underlying his claims. *See Guidry,* 397 F.3d at 324 (affirming conduct of hearing where "quite legitimate concerns" were raised about conflicting evidence); *Whitlock v. Dretke,* 129 F. App'x 880, 882 (5th Cir. 2005) (affirming denial of hearing where the petitioner had not explained why he was entitled to a hearing under the 2254(e)(2) standard).

IT IS, THEREFORE, ORDERED that Petitioner's Motion [22] is DENIED.

SO ORDERED this the 27th day of October, 2010.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge