IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DESMOND D. WALTON, #113961

VS.                                                        CIVIL ACTION NO. 2:09CV117-KS-MTP

JACQUELYN BANKS

ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
AND DISMISSING CASE WITH PREJUDICE, ETC.

This cause is before the Court on Pro Se Petition of Desmond D. Walton for *Writ of Habeas Corpus* filed pursuant to 28 U.S.C. § 2254.  The Court has reviewed the submissions of the parties, the record herein, the applicable law, the Report and Recommendation of the Magistrate Judge [34] and the Objection [36] filed by Petitioner, and the Court is of the opinion that the Petitioner's request for relief pursuant to 28 U.S.C. § 2254 should be **denied** for the following reasons:

I.  PROCEDURAL HISTORY

On August 2, 2005, Petitioner Desmond D. Walton was convicted of murder in the Circuit Court of Forrest County, Mississippi and was sentenced to life imprisonment.[1]  Walton filed a direct appeal of his conviction and sentence to the Mississippi Supreme Court based on the following grounds: 1) "Whether Walton's statements to police should have been suppressed"; and 2) "Whether Walton's trial counsel was ineffective by not seeking a jury instruction for the lesser included offense of manslaughter."[2]  On November 13, 2007, the Mississippi Court of Appeals affirmed

---

[1] *See* State Court Record, Vol. 1 of 6 [16-3] at 121-23.  The page numbers of the State Court Record cited to herein refer to those assigned by the state court.

[2] *See* State Court Record, Briefs [16-10].

Walton's conviction and sentence in a written opinion. *See Walton v. State*, 998 So. 2d 1011 (Miss. Ct. App. 2007), *reh'g denied* March 28, 2008; Ex. A to Answer [15-2]. The Mississippi Supreme Court granted Walton's request for certiorari review, and thereafter affirmed the judgments of both the circuit court and the court of appeals in a written opinion. *Walton v State*, 998 So. 2d 971 (Miss. 2008), *reh'g denied* Jan. 29, 2009; Ex. B to Answer [15-2].

On or about March 3, 2009, Walton sought leave from the Mississippi Supreme Court fo file his Petition for Post-Conviction Collateral Relief ("PCR")[3] in which he asserted the following claims:

1) "Whether the error in 'not' suppressing petitioner's second (2) statement was harmless error."

2) "Whether trial counsel was ineffective in not seeking a 'lesser-included offense' instruction of manslaughter."[4]

On April 15, 2009, the Mississippi Supreme Court denied Walton's application stating,

> The panel finds that Walton's application fails to make a substantial showing of the denial of a state or federal right as required by Miss. Code Ann. 99-39-27(5) and should therefore be denied.

Walton filed the instant petition [1] for writ of habeas corpus on or about June 19, 2009. By that petition and his amended petition [5], he asserts the following grounds for relief:

Ground 1:   "Wherein the trial court ruled that it was not reversible error for

---

[3]He had three years from the date his "direct appeal [was] ruled upon" to do so. *See* Miss. Code Ann § 99-39-5(2).

[4]*See* State Court Record, Misc. Filings from the Supreme Court of Mississippi [16-9].

        them to have refused to suppress a clearly prejudicial video-pate."

Ground 2:    "Wherein the courts dismissed petitioner's ineffective assistance of counsel claim for failure to request a manslaughter instruction."

## II. STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature. *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997). No factual objection is raised when a petitioner merely reurges arguments contained in the original petition. *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III. PETITIONER'S OBJECTIONS AND ANALYSIS

In his objections to the Report and Recommendation, Walton points out that the issues have been fully exhausted, which is true. Then he begins a factual argument as to why the admission of the unmirandized statement entitles him to *habeas* relief. A significant portion of his argument addresses the fact that the admission of the unmirandized statement was error. However, this is conceded and it was so found by the Mississippi Court of Appeals in the opinion resulting from the original appeal.

Following that, Walton goes into a discussion of why the error entitled him to *habeas* relief. He points to inconsistencies in the testimonies of his co-defendants and the fact that there is no actual proof of him committing the crime.

However, Walton omits the testimony of his co-defendants. The state's argument before the Court of Appeals was that the error was harmless because the whole record demonstrated beyond a reasonable doubt that Walton was not prejudiced because there was more than enough other evidence to convict him of the crime. Judge Parker quotes the finding of the Court of Appeals and succinctly states what the proof was against Walton at the trial. It is as follows:

> Three witnesses testified against [Walton]. Two testified that Walton shot the unarmed Anderson. One testified that Walton made a subsequent that "Walton had to do him." Anderson was shot in the back. No weapon was found on, or near, his body. The Halloween mask was introduced at trial. Walton presented no evidence in his defense. Upon this record, the jury had no basis to make any finding other than Walton shot Anderson. Further, no lesser included instruction was requested. The case went to the jury on a straight up guilty or not guilty of murder theory. Even given the improper admission of Walton's statement, the verdict of guilty of murder was beyond a reasonable doubt. There is no merit in this assignment of error. *Walton*, 998 So. 2d at 1015.

The Mississippi Supreme Court granted *certarirai* to address this issue and affirmed the holding of the Court of Appeals. The error was deemed harmless. *Walton*, 998 So. 2d at 973-78. The objections listed by Walton do not address the actual facts of the trial, other than to say there were inconsistencies and that he would not have been convicted but for the improperly admitted statement. The record does not bear him out. Accordingly, the *habeas* relief requested on his first ground must be **denied** and his objections overruled.

**GROUND TWO:** In his objections as to Ground 2, Walton admits that there is something called trial tactics and trial strategy. He argues that the trial tactics and trial strategy of his attorney were unwise. In Judge Parker's Report and Recommendation, his analysis finds that there was no basis to support an instruction for manslaughter. Walton's second ground alleges ineffective assistance of counsel because his trial counsel did not ask for a lesser-included offense (manslaughter) instruction. The record clearly shows that there was no evidence to support the instruction and this Court concurs with Judge Parker's analysis.

Additionally, there was significant reason for the trial counsel to not ask for the lesser included offense instruction. There is a deferential standard in this circuit presuming that counsel has exercised reasonable professional judgment. In this case it is certainly justified, but in light of the fact that there was no proof justifying the manslaughter instruction, there is not need to get to the trial strategy portion of this argument.

The bottom line is that Walton does not address the findings in this Report and Recommendation regarding Ground 2, and this Court finds that Walton's objections to Ground 2 are without merit.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections. For the reasons set forth above, this Court concludes that Petitioner's Objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the

law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judge's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Desmond D. Walton's claim is dismissed with prejudice.  All other pending motions are denied as moot.

      SO ORDERED this, the 15th   day of March, 2012.

                                      *s/Keith Starrett*
                                      UNITED STATES DISTRICT JUDGE